NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000689
28-MAY-2026
07:53 AM
Dkt. 88 SO

NO. CAAP-23-0000689

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

IN RE TRUST AGREEMENT OF KARL KRIEG, Settlor,
(CASE NO. 3CTR-21-0000005)

_____

IN THE MATTER OF MARGUERITE KRIEG REVOCABLE
TRUST AGREEMENT, DATED DECEMBER 28, 1993
(CASE NO. 3CTR-22-0000004)

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Guidry, JJ.)

Respondent-Appellant Alexander Krieg (**Alexander**) appeals from the: (1) July 11, 2023 "Findings of Fact, Conclusions of Law, and Order Granting Petitioner[-Appellee] Eric Karl Krieg's [(**Eric**)] Motion for Summary Judgment on Petition for Instructions and Relief for Breach of Trust, Filed February 9, 2022 [Dkt. 24] and Order Denying the Motion for Summary Judgment of [Alexander], as the Successor Trustee of the Karl Krieg [(**Karl**)] Revocable Trust Agreement [(**Karl's Trust**)]

Dated December 28, 1993, as Amended Filed April 21, 2023 [Dkt. 140]" (**Summary Judgment Order**); (2) October 19, 2023 "Order Granting [Eric's] Request for Attorneys' Fees and Costs Against [Karl's Trust]" (**Attorneys' Fees Order**); (3) October 19, 2023 "Final Judgment on Order Granting [Eric's] Motion for Summary Judgment on Petition for Instructions and Relief for Breach of Trust, Filed February 9, 2022"; and (4) July 26, 2024 "Amended Final Judgment as to All Claims and All Parties" (**Final Judgment**), entered by the Circuit Court of the Third Circuit[1] (**probate court**).

In December 1993, Karl and his wife, Marguerite Krieg (**Marguerite**), separately executed revocable trust agreements: Karl's Trust, and the "Marguerite Krieg Revocable Trust Agreement dated December 28, 1993" (**Marguerite's Trust**). At the time of their execution, Karl's Trust and Marguerite's Trust were "A-B Trusts" that included mirror trust provisions.

In July 1999, Karl and Marguerite each conveyed to their respective Trusts an undivided one-half fee simple interest, as tenants in common, in their Kailua-Kona residence (**Real Property**). The conveyance was executed by the "Apartment Deed to Trustees" (**Apartment Deed**) that was filed with the State of Hawaiʻi Bureau of Conveyances.

---

[1] The Honorable Robert D.S. Kim presided over this matter. The Honorable Kimberly B.M. Tsuchiya entered the July 26, 2024 Final Judgment on temporary remand.

Karl became successor trustee of Marguerite's Trust upon her passing in June 2017.  Pursuant to the terms of Marguerite's Trust: Marguerite's Trust became irrevocable upon Marguerite's passing; as successor trustee, Karl was to hold and administer the residuary trust estate as the "Family Trust"; and Karl was entitled to all net income of the trust for his lifetime.  The principal of Marguerite's Trust could only be utilized as the trustee determined to be "necessary" for Karl's "support, maintenance, and health."

Upon becoming successor trustee, Karl proceeded to transfer the principal of Marguerite's Trust -- i.e., Marguerite's one-half interest in the Real Property and Marguerite's Merrill Lynch account -- as well as items of Marguerite's personal property, into Karl's Trust (**July 2017 Transfers**).  Karl then amended Karl's Trust to provide for the distribution of the assets to Alexander, with "no bequest or devise" for Eric.

Karl passed in April 2021.  Upon Karl's passing, Alexander became the successor trustee of Karl's Trust, and the successor in interest of Karl's estate.  It appears undisputed that Eric learned for the first time of the July 2017 Transfers, and the subsequent amendments to Karl's Trust, in May 2021.  In

February 2022, Eric filed a "Petition for Instructions and Relief for Breach of Trust."[2]

In April 2023, Alexander and Eric filed cross-motions for summary judgment. Alexander alleged that "[t]he presumption in favor of the regularity and good faith of [Karl's] action continues and is confirmed by the record," and that "Eric . . . acquiesced in his father [Karl's] action, waived and relinquished his claims as a contingent, remainder beneficiary of [Marguerite's] trust estate." Eric alleged, inter alia, that Karl had breached his fiduciary duties as successor trustee of Marguerite's Trust, and requested that the probate court "rescind[] and revoke[]" the July 2017 Transfers.

The probate court ordered the following:

> 1. [Eric's] Motion for Summary Judgment filed April 27, 2023, is GRANTED. The [probate court] finds and concludes that there is no genuine issue of material fact, and that movant is entitled to judgment as a matter of law. In granting the motion the court enters the following orders, consistent with this ruling.
>
> 2. The "*Successor Trustee's Deed*" executed on July 22, 2017, recorded in the Bureau [of Conveyances] as Doc No(s) A-64700453, is hereby voided and **all right, title and interest, together with the reversions, remainders, rents, issues and profits thereof, from the date of this order, in the undivided FIFTY PERCENT (50%) interest in the [Real Property], previously held by Marguerite's Trust, is hereby determined to be vested in [Eric] and [Alexander],**

---

[2]     In February 2022, Eric also filed a petition to be appointed successor trustee of Marguerite's Trust in related case no. 3CTR-22-0000004. Case no. 3CTR-22-0000004 was consolidated with the underlying case no. 3CTR-21-0000005 for purposes of an evidentiary hearing only. The evidentiary hearing, which was calendared for September 26, 2022, was continued, and the probate court subsequently resolved the underlying matter on the parties' cross-motions for summary judgment without an evidentiary hearing. No final judgment has been entered in 3CTR-22-0000004, and that matter remains pending before the probate court.

> **individually, as a fee simple undivided one half (1/2)
> interest each, as tenants in common, pursuant to the terms
> of [Marguerite's Trust].**
>
> 3. That [Eric's] reasonable attorneys' fees and costs
> for having to bring this action or in connection with this
> proceeding and as related to the entry of this order shall
> be paid from Karl's Trust. Counsel for [Eric] shall file
> the appropriate application with supporting documents to
> obtain such relief.
>
> 4. The Motion for Summary Judgment of [Alexander], as
> the Successor Trustee of [Karl's Trust], filed April 21,
> 2023 [Dkt. 140], is hereby DENIED.

(Emphasis added.)

The probate court entered final judgment, and Alexander appealed. Alexander contends that the probate court erred in granting summary judgment in Eric's favor, and in determining that Eric is entitled to half of Marguerite's fifty percent interest in the Real Property.[3] Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Alexander's contentions of error as follows.

---

[3] Alexander's opening brief sets forth various "assignments of error," contending that the probate court erred: (1) by "fail[ing] to make findings and conclusions"; (2) by disregarding the "existence of genuine issues of material fact"; (3) with regard to various "mixed findings and conclusions"; (4) with regard to various "conclusions of law"; (5) by entering judgment against Alexander, and awarding attorneys' fees and costs to Eric; and (6) in denying Alexander's motion for summary judgment. (Formatting and capitalization altered.) These assignments of error are not compliant with Hawaiʻi Rules of Appellate Procedure Rule 28. We consolidate and reorder Alexander's contentions herein.

We review the probate court's Summary Judgment Order de novo, applying the same standard applied by the probate court:

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is **no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.** A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

Hilo Bay Marina, LLC v. State, 156 Hawai'i 478, 486, 575 P.3d 568, 576 (2025) (citation omitted).

Alexander argues on appeal that the probate court erred by failing to: "address the effect of the increased estate and inheritance tax individual exemption" in interpreting the directives of Marguerite's Trust; consider the "effect of the 1999 amendment that added the 'sole judgment and discretion' provision" to Marguerite's Trust; "make findings pertaining to [Eric's] disclaimer" of his interest in Marguerite's Trust assets; and "make findings pertaining to [Karl's] personal financial resources."

At issue in the underlying proceeding was whether Karl breached his fiduciary duty as successor trustee to Marguerite's Trust by making the July 2017 Transfers. In order to establish a breach of fiduciary duty, Eric needed to show,

> (1) a fiduciary relationship existed; (2) [Karl] breached [his] fiduciary duty to [Eric, as beneficiary of Marguerite's Trust]; and (3) the breach was the proximate cause of [Eric's] injury.

Yamaguchi v. Title Guar. Escrow Serv., Inc., No. SCWC-21-0000097, 2026 WL 789054, at *13 (Haw. Mar. 20, 2026) (citations omitted).  Karl, as trustee, benefits from the presumption of regularity and good faith, such that "the person questioning the trustee's action" bears "the burden of overcoming the presumption, but which requires the trustee ultimately to justify his action if sufficient evidence is produced to overcome the presumption."  Tr. Created Under the Will of Damon, 140 Hawaiʻi 56, 62, 398 P.3d 645, 651 (2017) (citations omitted).

Marguerite's Trust plainly provides that "[t]he trustee shall . . . pay to . . . [Karl] such amount or amounts of principal of the trust **as the trustee may determine to be necessary to** provide for **[Karl's] support, maintenance, and health**."  (Emphasis added.)  "A fundamental rule . . . is that the intention of the settlor as expressed in a trust instrument shall prevail unless inconsistent with some positive rule of law."  In re Est. of Damon, 109 Hawaiʻi 502, 511, 128 P.3d 815, 824 (2006) (citation omitted).  The probate court correctly declined to consider extrinsic evidence -- i.e., the "increased estate and inheritance tax individual exemption" -- because the language of Marguerite's Trust was clear and unambiguous.

The probate court also correctly determined that Marguerite's conveyance of her 50% interest in the Real Property into Marguerite's Trust did not constitute an amendment to Marguerite's Trust. By its plain terms, Marguerite's Trust could only "be amended by the settlor by a written instrument signed and duly acknowledged by both the settlor and the trustee." The Apartment Deed by which Marguerite conveyed her interest in the Real Property to Marguerite's Trust did not "duly acknowledge" an "amendment" to Marguerite's Trust.

Moreover, the probate court correctly determined that Eric did not disclaim his interests in Marguerite's Trust assets pursuant to Hawaii Revised Statutes (**HRS**) § 526-5 (2018). Alexander produced evidence that Eric made the following statements with regard to inheritance: "[w]hen my parents pass, it all goes to my daughters any way- I don't want anything"; "I'm tired of all this fighting and back stabbing. . . . It's all yours"; and "Dad give it all to [Alexander] or whom ever you want to, It's all yours." These statements do not meet the requirements of HRS § 526-5(c) (2018), which provides that, "[t]o be effective, a disclaimer [of any interest in or power over property] must be in a writing or other record, declare the disclaimer, describe the interest or power disclaimed, be signed by the person making the disclaimer, and be delivered or filed in the manner provided in section 526-12."

The probate court did err, however, in determining, at the summary judgment stage, that there is no "clear and convincing evidence" in the record to establish that the July 2017 Transfers were "in fact necessary for Karl's support, maintenance, and health." See Bremer v. Weeks, 104 Hawai‘i 43, 64, 85 P.3d 150, 171 (2004) (holding that "the circuit court applied the incorrect [clear and convincing evidence] standard" because, "[i]n determining whether summary judgment was appropriate[,] . . . the circuit court was required to view the evidence in the light most favorable to . . . the non-moving party." (citation omitted)).

Marguerite's Trust states, in relevant part,

> 1-8.1. INCOME AND PRINCIPAL DISTRIBUTIONS: Commencing with [Marguerite's] death, all net income of [Marguerite's Trust] shall be paid to (or used and applied for the benefit and account of) [Karl], in convenient installments at least quarterly, for the lifetime of [Karl]. **[Karl, as successor trustee] shall also pay to (or use and apply for the benefit and account of) [Karl, as Marguerite's spouse] such amount or amounts of principal of [Marguerite's Trust] as [Karl] may determine to be necessary to provide for [Karl's] support, maintenance, and health.** Prior to making any principal distributions, [Karl] shall have discretion to take into consideration all other funds available to said spouse for such purposes. . . .

(Emphasis added.)

The record reflects that Alexander introduced some evidence, including the "Successor Trustee's Deed" and "Successor Trustee's Assignment of Trust Assets," to support his contention that the principal of Marguerite's Trust was

9

necessary for Karl's "support, maintenance, and health."  The

Successor Trustee's Deed instructs that,

> The Successor Trustee of [Marguerite's Trust] **has determined that it is necessary for the support, maintenance and health of [Karl],** the surviving spouse of [Marguerite], that the principal of the trust be paid and delivered to said [Karl], **specifically the [R]eal [P]roperty**[.]

(Emphasis added.)  And the Successor Trustee's Assignment of

Trust Assets instructs that, inter alia,

> The Successor Trustee of [Marguerite's Trust] **has determined that it is necessary for the support, maintenance and health of [Karl],** the surviving spouse of [Marguerite], that the principal of the trust be paid and delivered to said [Karl], **specifically any monies, funds and interests in bank accounts, investment accounts, mutual funds, stocks and other financial holdings standing in the name of [Marguerite], as the Trustee of [Marguerite's Trust].**

(Emphasis added.)

Although the record does not reflect that the

transferred principal was actually used by Karl for his support,

maintenance, or health, or why a transfer was necessary because

Karl, as successor trustee, was authorized to invade principal

without first transferring it out of Marguerite's Trust, we

conclude that Alexander's evidence raised a genuine issue of

material fact as to whether Karl's conveyance of the assets was

necessary for Karl's "support, maintenance, and health," and

therefore within Karl's discretion as successor trustee.  See

Omerod v. Heirs of Kaheananui, 116 Hawaiʻi 239, 254-55, 172 P.3d

983, 998-99 (2007) (On summary judgment, "we must view all of

the evidence and the inferences drawn therefrom in the light

most favorable to the party opposing the motion." (citations omitted)).  We therefore conclude that the probate court erred in granting summary judgment in Eric's favor.

For the foregoing reasons, we affirm in part, and vacate in part, the Summary Judgment Order, and we vacate the Attorneys' Fees Order and Final Judgment.  We remand for further proceedings consistent with this summary disposition order.  On remand, we instruct the probate court to conduct an evidentiary hearing to (1) resolve the genuine issue of material fact discussed above, and (2) to make appropriate findings of fact and conclusions of law as to whether Karl's transfer of the principal of Marguerite's Trust to Karl's Trust was necessary for Karl's "support, maintenance, and health."

DATED: Honolulu, Hawai‘i, May 28, 2026.

On the briefs:

Michael J. Matsukawa,
for Respondent-Appellant.

Michael S. Zola,
for Petitioner-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge